**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DANIEL HORNBAKE, et al.

*Plaintiffs*,

v.

TODD W. BLANCHE, in his official capacity as Attorney General of the United States

*Defendant*.

Civil Action No. 3:26-cv-979-SLH

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

**TABLE OF CONTENTS**


INTRODUCTION ..... 1

BACKGROUND ..... 2

LEGAL STANDARD ..... 4

ARGUMENT ..... 5

I. Plaintiffs lack a justiciable case. ..... 5

A. The individual Plaintiffs have not plausibly alleged a credible and substantial threat of prosecution. ..... 6

B. Because none of its members has a justiciable case, the organizational Plaintiffs lack associational standing. ..... 10

CONCLUSION ..... 12

## TABLE OF AUTHORITIES

### CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 5

*Cal. Pub. Emps.' Ret. Sys. v. The Chubb Corp.*,
394 F.3d 126 (3d Cir. 2004) .......... 5

*Camp Hill Borough Republican Ass'n v. Borough of Camp Hill*,
665 F. Supp. 3d 617 (M.D. Pa. 2023),
*aff'd*, 101 F.4th 266 (3d Cir. 2024) .......... 12

*Casa De Md. v. U.S. Dep't of Homeland Sec.*,
924 F.3d 684 (4th Cir. 2019) .......... 10

*Cherichel v. Holder*,
591 F.3d 1002 (8th Cir. 2010),
*abrogated on other grounds by Nasrallah v. Barr*, 590 U.S. 573 (2020) .......... 10

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) .......... 11

*Const. Party of Pa. v. Aichele*,
757 F.3d 347 (3d Cir. 2014) .......... 4

*Darby v. United States*,
No. 2:16cv500-MHT, 2018 WL 9708502 (M.D. Ala. 2018) .......... 8

*Greenberg v. Lehocky*,
81 F.4th 376 (3d Cir. 2023) .......... 8

*Hedges v. United States*,
404 F.3d 744 (3d Cir. 2005) .......... 5

*Hunt v. Wash. State Apple Advert. Comm'n*,
432 U.S. 333 (1977) .......... 12

*Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*,
188 F. Supp. 2d 486 (D.N.J. 2002) .......... 12

*Jamal v. Kane*,
96 F. Supp. 3d 447 (M.D. Pa. 2015) ........ 9

*Kost v. Kozakiewicz*,
1 F.3d 176 (3d Cir. 1993) ........ 4

*Muraski v. Penn Highlands Healthcare, Inc.*,
No. 3:23-cv-135, 2026 WL 353041 (W.D. Pa. Feb. 9, 2026) ........ 4

*Nasrallah v. Barr*,
590 U.S. 573 (2020) ........ 10

*Nat'l Shooting Sports Found. v. Att'y Gen. of N.J.*,
80 F.4th 215 (3d Cir. 2023) ........ *passim*

*Petruska v. Gannon Univ.*,
462 F.3d 294 (3d Cir. 2006) ........ 4

*PJM Power Providers Grp. v. FERC*,
88 F.4th 250 (3d Cir. 2023),
*amended*, No. 21-3068, 2024 WL 259448 (3d. Cir. 2024) ........ 11

*Pub. Citizen v. Burke*,
655 F. Supp. 318 (D.D.C. 1987),
*aff'd*, 843 F.2d 1473 (D.C. Cir. 1988) ........ 10

*Renne v. Geary*,
501 U.S. 312 (1991) ........ 5

*Short v. N.J. Dep't of Educ.*,
No. 23-21105, 2024 WL 3424729 (D.N.J. July 16, 2024) ........ 11

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) ........ 5

*Susan B. Anthony List v. Driehaus,*
573 U.S. 149 (2014) ........ 6, 7, 8

*Trump v. New York*,
592 U.S. 125 (2020) ........ 5

*U.S. Express Lines, Ltd. v. Higgins*,
281 F.3d 383 (3d Cir. 2002) ........ 5

*United States v. Ayala*,
711 F. Supp. 3d 1333 (M.D. Fla 2024) ........ 8

*United States v. Dorosan*,
No. 08–042, 2008 WL 2622996 (E.D. La. 2008) .......... 8

*Warth v. Seldin*,
422 U.S. 490 (1975) .......... 11

*Whole Woman's Health v. Jackson*,
595 U.S. 30 (2021) .......... 6

*Wilson v. State Bar of Ga.*,
132 F.3d 1422 (11th Cir. 1998) .......... 8

**STATUTES**

18 U.S.C. § 930(a) .......... *passim*

18 U.S.C. § 930(d) .......... 2, 10

18 U.S.C. § 930(d)(3) .......... 1

Anti-Drug Abuse Amendments Act of 1988, Pub. L. No. 100-690, tit. VI,§ 6215(a), 102 Stat. 4181, 4361-62 .......... 2

**REGULATIONS**

39 C.F.R. § 232.1(l) .......... *passim*

**OTHER SOURCES**

Application of 18 U.S.C. § 930(a) to Post Offices, 50 Op. O.L.C. (Aug. 12, 2026) (slip op.), https://www.justice.gov/olc/media/1457751/dl .......... *passim*

## INTRODUCTION

Plaintiffs bring a Second Amendment challenge to a statute, 18 U.S.C. § 930(a), and a regulation, 39 C.F.R. § 232.1(l), that they claim prevent them from carrying firearms in United States Postal Service ("USPS") Post Offices for self-defense. This case should be dismissed for lack of jurisdiction, because there is no credible threat of prosecution for Plaintiffs' intended conduct, given a recent binding Executive Branch opinion that their intended conduct is lawful.

Recently, the Attorney General asked the Office of Legal Counsel ("OLC") whether 18 U.S.C. § 930(a), which generally prohibits possession of a firearm within federal facilities, prohibited otherwise law-abiding individuals from carrying weapons into a post office for self-defense. OLC, in a published opinion, concluded that a statutory exception allowing the lawful carrying of firearms in federal facilities incident to "lawful purposes" applied, *id.* § 930(d)(3), such that the statute "permits the lawful carrying of constitutionally protected firearms in post offices that are generally open to the public." Ex. 1, at 1 (Application of 18 U.S.C. § 930(a) to Post Offices, 50 Op. O.L.C. (Aug. 12, 2026) (slip op. at 1), https://www.justice.gov/olc/media/1457751/dl). OLC also concluded that 39 C.F.R. § 232.1(l) was

> unlawful as applied to the otherwise law-abiding citizens carrying constitutionally protected firearms for self-defense in post offices open to the public. Accordingly, *the Executive Branch may not enforce 18 U.S.C. § 930(a) or the Postal Service's regulations* against a law-abiding individual who carries a constitutionally protected firearm into a post office for the purpose of self-defense.

*Id.* at 27 (emphasis added). OLC opinions are legally binding on the Executive Branch, including the USPS.

Here, three organizational Plaintiffs and three individual Plaintiffs bring a pre-enforcement challenge to 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l), claiming that they violate Plaintiffs' Second Amendment rights. But a pre-enforcement challenge is not justiciable unless Plaintiffs can allege facts establishing that they face a substantial and credible threat that § 930(a) or 39 C.F.R.

§ 232.1(l) will be enforced against them. Plaintiffs cannot make that showing. There have been no recent prosecutions of § 930(a) in Pennsylvania and the Government is unaware of any such prosecutions in the state in the last decade. Most importantly, in the binding OLC opinion, the Government has disavowed any prosecution of Plaintiffs based on their possession of a handgun in post offices for self-defense purposes. Plaintiffs do not have standing, and this Court should dismiss this case for lack of jurisdiction.

## BACKGROUND

Congress made possession of firearms and other dangerous weapons in federal facilities a felony in 1988. *See* Anti-Drug Abuse Amendments Act of 1988, Pub. L. No. 100-690, tit. VI, § 6215(a), 102 Stat. 4181, 4361-62. Congress provided that, subject to three exceptions, "whoever knowingly possesses or causes to be present a firearm or other dangerous weapon in a Federal facility (other than a Federal court facility), or attempts to do so," would be subject to fines imprisonment of "not more than 1 year, or both." 18 U.S.C. § 930(a). The three exceptions are memorialized in § 930(d), which provides that the general prohibition against possessing firearms in Federal facilities does not apply to:

> (1) The lawful performance of official duties by an officer, agent, or employee of the United States, a state, or a political subdivision thereof, who is authorized by law to engage in or supervise the prevention, detection, investigation, or prosecution of any violation of law;
>
> (2) The possession of a firearm or other dangerous weapon by a federal official or a member of the Armed Forces if such possession is authorized by law; or
>
> (3) The lawful carrying of firearms or other dangerous weapons in a federal facility incident to hunting or other lawful purposes.

*Id.* § 930(d)(1)-(3).

The Attorney General recently asked OLC whether 18 U.S.C. 930(a) is best read to impose criminal penalties on an otherwise law-abiding individual who carries weapons into a post office

for the purpose of self-defense. Ex. 1. OLC, in an August 12, 2026, opinion, determined that an individual carrying a firearm for self-defense purposes qualifies as an other lawful purpose under § 930(d)(3). *Id*. at 27. OLC concluded that "[b]ecause carrying arms for self-defense when entering a building held open to the public is a paradigmatic lawful purpose, that exception permits the lawful carrying of constitutionally protected firearms in post offices." *Id.* at 2 (citation modified).

OLC next analyzed the implications of this opinion for 39 C.F.R. § 232.1(l), a USPS regulation that prohibits any person to "carry firearms" "while on postal property . . . except for official purposes." 39 C.F.R. § 232.1(l). OLC noted that this regulation "does not include any exception analogous to section 930(d)(3)" allowing carrying of firearms for lawful purposes. Ex. 1, at 27. OLC "conclude[d] that the Postal Service's regulation is unlawful as applied to the otherwise law-abiding citizens carrying constitutionally protected firearms for self-defense in post offices open to the public." *Id.* OLC explicitly prohibited enforcement of the statute and regulations under the circumstances that OLC found them unlawful: "Accordingly, the Executive Branch may not enforce 18 U.S.C. § 930(a) or the Postal Service's regulations against a law-abiding individual who carries a constitutionally protected firearm into a post office for the purpose of self-defense." *Id.*

On May 26, 2026, Plaintiffs brought the instant action. Compl. For Decl. & Injunctive Relief, ECF. No. 1 ("Compl."). Plaintiffs allege that 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) violate the Second Amendment insofar as they "prohibit[] carrying of firearms in United States Post Offices." *Id*. ¶ 2. Each individual Plaintiff alleges that he "desires and intends to exercise his Second Amendment right to carry firearms for self-defense at United States Post Offices and publicly accessible associated property." *Id.* ¶ 3; *see also id.* ¶¶ 9, 12, 17 (alleging that each individual Plaintiff wishes to carry firearms into post offices for self-defense). The organizational

Plaintiffs similarly allege that their members or supporters "desire to . . . carry firearms for self-defense in, and on property under the control of, United States Post Offices." *Id.* ¶¶ 18-20. Plaintiffs bring a single claim for relief under the Second Amendment. *Id.* ¶¶ 44-50. They seek a declaration "that 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) are unconstitutional under the Second Amendment, insofar as they prohibit the possession or carrying of firearms in United States Post Offices and on publicly accessible property under the control of the United States Postal Service," and "a permanent injunction enjoining enforcement of 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l), insofar as they prohibit the possession or carrying of firearms in United States Post Offices and on publicly accessible property under the control of the United States Postal Service[.]" *Id.*, Prayer for Relief, ¶¶ 1-2.

**LEGAL STANDARD**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the 'court's "very power to hear the case."'" *Muraski v. Penn Highlands Healthcare, Inc.*, No. 3:23-cv-135, 2026 WL 353041, at *3 (W.D. Pa. Feb. 9, 2026) (Haines, J.) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)). This is a "facial" Rule 12(b)(1) motion, which "assumes that the allegations of the complaint are true, but contends that the pleadings fail to present an action within the court's jurisdiction." *Id.*

> In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party.

*Id.* (citation modified) (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).

A Rule "12(b)(6) motion tests the [legal] sufficiency of . . . [a] complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In ruling on a motion to dismiss, a court presumes that the complaint's factual allegations are true and construes them in the plaintiff's favor to

determine whether there is a valid legal claim. *See U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court need not accept legal conclusions cast as factual allegations or inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint. *See Cal. Pub. Emps.' Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint fails "if it tenders naked assertions devoid of further factual enhancement" (citation modified)).

## ARGUMENT

### I. Plaintiffs lack a justiciable case.

Article III of the Constitution limits a federal court's jurisdiction to "Cases" and "Controversies." *Nat'l Shooting Sports Found. v. Att'y Gen. of N.J.*, 80 F.4th 215, 218 (3d Cir. 2023). Because a federal court should start with the presumption that it lacks jurisdiction, Plaintiffs bear the burden of establishing Article III jurisdiction. *See Renne v. Geary*, 501 U.S. 312, 316 (1991); *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Article III standing is a requirement for subject-matter jurisdiction. *Nat'l Shooting Sports Found.*, 80 F.4th at 219. When plaintiffs fail in their burden to establish jurisdiction, dismissal is the proper remedy. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

To establish standing, Plaintiffs must show that they have an injury "that is concrete, particularized, and imminent rather than conjectural or hypothetical." *Trump v. New York*, 592 U.S. 125, 131 (2020) (citation omitted). To be imminent, an injury must be "certainly impending," or there must at least be "a substantial risk that the harm will occur." *Nat'l Shooting Sports Found.*, 80 F.4th at 218 (citation omitted).

None of the Plaintiffs here has standing. The individual plaintiffs have not brought a justiciable pre-enforcement challenge to § 930(a) because they are not in any conceivable danger of prosecution under that statute. Likewise, none of the organizational plaintiffs have associational standing to challenge the statute. This Court should, consequently, dismiss this case for lack of subject-matter jurisdiction.

### A. The individual Plaintiffs have not plausibly alleged a credible and substantial threat of prosecution.

The individual plaintiffs have brought a pre-enforcement challenge to 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l), insofar as they prohibit carrying firearms in post offices for self-defense. But a pre-enforcement challenge is "the exception rather than the rule[,]" as no one has an "unqualified right to pre-enforcement review . . . [e]ven in constitutional cases[.]" *Nat'l Shooting Sports Found.*, 80 F.4th at 219 (citation omitted); *see also Whole Woman's Health v. Jackson*, 595 U.S. 30, 49 (2021). Indeed, the Supreme Cout has emphasized that pre-enforcement review is severely limited and warranted only "under circumstances that render the threatened enforcement sufficiently imminent." *Susan B. Anthony List v. Driehaus,* 573 U.S. 149, 158–59 (2014). To bring a pre-enforcement challenge, the individual Plaintiffs must establish that they "(1) intend to take action that is (2) arguably affected with a constitutional interest but is (3) arguably forbidden by the Law, and (4) the threat of enforcement against them is substantial . . . [and] credible." *Nat'l Shooting Sports Found.*, 80 F.4th at 219–20 (citation omitted).

Plaintiffs cannot satisfy the fourth element. When determining if a plaintiff faces a credible and substantial threat of prosecution, the Third Circuit and Supreme Court direct courts to consider two categories of indicators: past use of enforcement power and current enforcement power. *See Nat'l Shooting Sports Found.*, 80 F.4th at 220; *Driehaus*, 573 U.S. at 158–65. Plaintiffs do not allege that they face any substantial and credible threat of enforcement. *See* Compl. ¶¶ 3, 4, 9, 12,

15, 17, 18, 19, 20, 21. Instead, Plaintiffs merely state, with some variance, that they "must disarm before entering post offices and publicly accessible associated property for fear of arrest and prosecution." *Id.* ¶ 9. Plaintiffs' fears are, however, baseless in light of Defendant's disavowal of prosecutions under § 930(a). *See* Ex. 1. Additionally, all other indicators point away from a credible and substantial threat of enforcement.

**Past Enforcement Power.** "A strong sign of future enforcement is that a law has been enforced against the plaintiff, a closely related party, or others for similar conduct." *Nat'l Shooting Sports Found.*, 80 F.4th at 220 (citing *Driehaus*, 573 U.S. at 159–60). For example, the Supreme Court in *Driehaus* found a "credible" and "substantial" threat of prosecution where the plaintiff established that it had already been the subject of a complaint under the challenged law and the enforcement commission had "actually found probable cause to believe" that the plaintiff violated the challenged law. 573 U.S. at 164. By contrast, the Third Circuit in *National Shooting Sports Foundation* rejected a pre-enforcement Second Amendment challenge to a state firearm statute because the organizational plaintiff had failed to establish that the statute had ever been enforced against plaintiff, its members, anyone similarly situated, or anyone else in the state. 80 F.4th at 220.

On past enforcement, the individual Plaintiffs allege no instance where they, a closely related party, or anyone has been recently prosecuted under 18 U.S.C. § 930(a). And those instances are absent for a reason. As far as the Government is aware, there has not been a single prosecution of § 930(a) in Pennsylvania since 2009. Indeed, the Government is only aware of three instances where § 930(a) charges have been brought in connection with a post office or a postal facility, but none occurred within the Third Circuit and all are clearly distinguishable.

First, in *United States v. Dorosan*, No. 08–042, 2008 WL 2622996 (E.D. La. 2008), the defendant was a USPS *employee* who kept a firearm in his personal vehicle which was parked within a postal parking facility, which resulted in an initial charge of violating § 930(a). *Id*. at *1. Second, in *Darby v. United States*, No. 2:16cv500-MHT, 2018 WL 9708502 (M.D. Ala. 2018), the defendant was charged with a violation of § 930(a) after entering into a Montgomery, Alabama post office with two loaded handguns and *firing* at two post office employees. *Id*. at *1. Finally, in *United States v. Ayala*, 711 F. Supp. 3d 1333, 1337 (M.D. Fla 2024), the defendant was, once more, a USPS *employee* who kept a firearm concealed on his person while entering a USPS facility, resulting in a charge under § 930(a). *Id*. The absence of criminal cases in the same vein as the conduct Plaintiffs allege they wish to conduct, e.g. "visit the post office more frequently and [] carry [a] firearm while doing so . . ." Compl. ¶ 12, demonstrate that § 930(a) has not been enforced against similar plaintiffs in Pennsylvania, nor the nation writ large, *see Nat'l Shooting Sports Found.*, 80 F.4th at 220.

**Current Enforcement Power.** In *Driehaus*, the Supreme Court explained that where both private actors and government officials may enforce the challenged law, the risk of enforcement is greater. *Driehaus*, 573 U.S. at 164. Further, where the government disavows prosecution, that is strong evidence weighing against a credible threat of prosecution. *See Nat'l Shooting Sports Found.*, 80 F.4th at 221 (no standing where the attorney general disavowed prosecuting "participati[on] in 'lawful commerce,' which is all the [plaintiff] has said it wants to do"); *Wilson v. State Bar of Ga.*, 132 F.3d 1422, 1428–29 (11th Cir. 1998) (no standing where state bar took the position that rule did not bar planned conduct).

Indeed, courts in the Third Circuit have found lack of standing in similar cases where the government expressly disavows prosecuting the challenged conduct. *See Greenberg v. Lehocky*,

81 F.4th 376, 386 (3d Cir. 2023) ("Greenberg also fails to establish he faces a credible threat of prosecution for his planned speech because there is compelling contrary evidence that no threat exists. Defendants disavow enforcement for any of Greenberg's planned conduct."); *Jamal v. Kane*, 96 F. Supp. 3d 447, 454-55 (M.D. Pa. 2015) ("The explicit disavowal of enforcement by District Attorney Williams eliminates any imminent threat of injury as to that defendant and his office. Hence, the court is compelled to grant District Attorney Williams' Rule 12(b)(6) motion for lack of standing.").

The individual Plaintiffs cannot show that the Government's current enforcement power points to a credible and substantial threat of enforcement. No private parties can bring actions or complaints against any alleged violator, which further weakens any pre-enforcement theory that Plaintiffs could assert. *See Nat'l Shooting Sports Found.*, 80 F.4th at 221 (finding that risk of enforcement "is low[] when . . . [o]nly the Attorney General can enforce this Law").

Most importantly, OLC has released an opinion finding that "[b]ecause carrying arms for self-defense when entering a building held open to the public is a paradigmatic 'lawful purpose,'" § 930(d)(3)'s statutory exception for carrying firearms in federal facilities for lawful purposes "permits the lawful carrying of constitutionally protected firearms in post offices." Ex. 1, at 2 (citation omitted). OLC also concluded that 39 C.F.R. § 232.1(l) "is unlawful as applied to the otherwise law-abiding citizens carrying constitutionally protected firearms for self-defense in post offices open to the public." *Id.* at 27. And OLC concluded that "the Executive Branch may not enforce 18 U.S.C. § 930(a) or the Postal Service's regulations against a law-abiding individual who carries a constitutionally protected firearm into a post office for the purpose of self-defense." *Id.* That is, OLC has concluded that the challenged statute *does not* prohibit Plaintiffs' intended conduct, the challenge regulation *is unlawful* insofar as it prohibits Plaintiffs' intended conduct,

and that the Executive Branch *may not enforce* either the statute or the regulation to prohibit Plaintiffs' intended conduct.

Although not binding on courts, such an OLC opinion is binding on the Executive Branch and the Attorney General. *See Casa De Md. v. U.S. Dep't of Homeland Sec.*, 924 F.3d 684, 692 n.1 (4th Cir. 2019) ("OLC opinions 'reflect[ ] the legal position of the executive branch' and 'are generally viewed as providing binding interpretive guidance for executive agencies.'" (alteration in original) (citation omitted)); *Cherichel v. Holder*, 591 F.3d 1002, 1016 n.17 (8th Cir. 2010) (same), *abrogated on other grounds by Nasrallah v. Barr*, 590 U.S. 573 (2020); *Pub. Citizen v. Burke*, 655 F. Supp. 318, 321–22 (D.D.C. 1987) ("[A]n Attorney General's opinion is binding as a matter of law on those who request it until withdrawn by the Attorney General or overruled by the courts."), *aff'd*, 843 F.2d 1473 (D.C. Cir. 1988). Here, the Government does not dispute that the individual Plaintiffs' claim of self-defense is a permissible exception under 18 U.S.C. § 930(d). Thus, because the OLC opinion is binding on the Executive Branch, the Government cannot enforce 18 U.S.C. § 930(a) or 39 C.F.R. § 232.1(l) against the individual Plaintiffs for possessing a firearm within a post office for self-defense while otherwise abiding by the law. Hence, the individual Plaintiffs face no credible or imminent threat of prosecution.

### B. Because none of its members has a justiciable case, the organizational Plaintiffs lack associational standing.

The organizational Plaintiffs claim that they have associational standing to sue on behalf of their respective members, Compl. ¶¶ 18-21, but they lack such standing for the same reasons that the individual Plaintiffs lack standing. To demonstrate associational standing, the organizational Plaintiffs must establish that (1) at least one of their members has a justiciable case to sue in his or her own right, (2) the interests the association seeks to protect are germane to its purpose, and (3) neither the claim asserted nor the relief requested requires the participation of an

individual member in the lawsuit. *PJM Power Providers Grp. v. FERC*, 88 F.4th 250, 265 (3d Cir. 2023), *amended*, No. 21-3068, 2024 WL 259448 (3d. Cir. 2024); *Warth v. Seldin*, 422 U.S. 490, 95 (1975). The organizational Plaintiffs here fail on at least prong one of that inquiry. They have not sufficiently alleged that any of their members has a justiciable case.

The organization Plaintiffs generally claim that their members have standing for the same reasons that the individual Plaintiffs claim standing, and those claims fail for the same reasons, explained *supra*, that the individual Plaintiffs lack standing. For example, the organizational Plaintiffs also allege that Bonita Shreve is "a member of NRA and GOA and a supporter of GOF" who "regularly visits her local post office" and "would carry her firearm there for self-defense, . . . but refrains from doing so for fear of prosecution under the challenged laws." Compl. ¶ 21. This allegation mirrors the allegations of the individual Plaintiffs. *See id.* ¶¶ 9, 12, 15, 17. Ms. Shreve lacks standing for the same reasons discussed in Part IA, *supra*, that no credible threat of prosecution exists.

Second, the organizational Plaintiffs all allege that their members "desire to . . . carry firearms for self-defense in, and on property under the control of, United States Post Offices[,]" but refrain from doing so based on "their reasonable fear of prosecution." Compl. ¶¶ 18, 19, 20. Yet because OLC has issued an opinion, binding on the Executive Branch, that this conduct is lawful and cannot serve as the basis of enforcement of the challenged statute and regulation, that "fear" is too speculative and irrational to establish standing. *See Short v. N.J. Dep't of Educ.*, No. 23-21105, 2024 WL 3424729, at *5 (D.N.J. July 16, 2024) (finding that "claims dependent on speculative fear . . . [are] too attenuated to confer standing"); *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8 (1983) ("It is the *reality* of the threat of repeated injury that is relevant to the standing inquiry, not the plaintiff's subjective apprehensions."). On speculation, the

organizational Plaintiffs allege no facts showing that any such arrests are "certainly impending[.]" *See Nat'l Shooting Sports Found.*, 80 F.4th at 218 (holding that an Article III injury must be "certainly impending"). The organizational Plaintiffs cannot satisfy the elements for a pre-enforcement challenge, as the Government has disavowed prosecution of the statute through a binding OLC opinion. Ex. 1.

As to Gun Owners Foundation ("GOF") specifically, Plaintiffs have failed to allege any claim that supports GOF's attempts to establish associational standing because GOF lacks members. Instead, it asserts that it possesses an "indicia of membership." Compl. ¶ 20 (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333 (1977)). Under *Hunt*, an organization has an "indicia of membership" if its supporters or members elect leadership, serve as the organization's leadership, and finance the organization's activities, including the case's litigation costs. *Hunt*, 432 U.S. at 344–45; *see also Camp Hill Borough Republican Ass'n v. Borough of Camp Hill*, 665 F. Supp. 3d 617, 626 (M.D. Pa. 2023), *aff'd*, 101 F.4th 266 (3d Cir. 2024). GOF must also show that "individuals that possess the 'indicia of membership' would individually have a justiciable case." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 188 F. Supp. 2d 486, 496 (D.N.J. 2002).

GOF fails to establish that it has an "indicia of membership." It does not allege that GOF supporters elect leadership or serve as the organization's leadership, meaning that it failed to allege two of the three factors courts consider in assessing indicia of membership. *See Hunt*, 432 U.S. at 344–45. Nor does GOF successfully allege any claim that a supporter or member would individually have a justiciable case. Thus, GOF's "indicia of membership" theory fails.

## CONCLUSION

The Court should grant this Motion and dismiss the Complaint.

Dated: September 21, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JEREMY S.B. NEWMAN
Chief Litigation Counsel, Federal Programs Branch

/s/ *Patrick K. Keating*
PATRICK K. KEATING (MD Bar No. 2211140001)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 598-0256
Email: Patrick.K.Keating@usdoj.gov

*Counsel for Defendants*